```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DARDENELLA GOSSERAND,                       CIVIL ACTION
Individually and on behalf of the
Estate of Maurice Gosserand, et al.


v.                                          NO. 05-5005


THE PARISH OF JEFFERSON, et al.             SECTION "F"
```

ORDER AND REASONS

Before the Court is TASER International's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

Background

On September 25, 2004, Jefferson Parish Sheriff's Deputy Chris Gorman responded to a report of criminal damage at Lakeside Mall in Metairie, Louisiana. When he arrived, Deputy Gorman saw the suspect, Maurice Gosserand, with a metal pipe in his hand. Deputy Gorman ordered Gosserand to drop the pipe, and when he refused, Deputy Gorman discharged his TASER device two times and immobilized him, causing Gosserand to fall to the ground.[1] After

---

[1] TASER is the tradename for electroshock guns, which are used widely by law enforcement agencies world-wide. The name "TASER" is an acronym for "Thomas A. Swift's Electric Rifle," designed in 1969 by inventor Jack Cover. He named the gun for the science-fiction teenage inventor and adventurer character, Tom Swift. Modern TASER-type weapons fire small dart-like electrodes

1

the second discharge, Gosserand removed the TASER wires from his body, jumped to his feet, and hit Deputy Gorman with the metal pipe.  Gosserand then fled on foot.  While running through the mall parking lot, he was intercepted by Deputy Aaron Verrette and Louisiana State Trooper Charles Howard.  Deputy Verette ordered Gosserand to drop the pipe; instead, Gosserand swung the pipe at the officers; Deputy Verrette then shot Gosserand three times with his pistol.  The autopsy report indicated that Gosserand died from multiple gunshot wounds.

Dardenella Gosserand and Marisia Simpson, Maurice's wife and daughter, filed suit against TASER International, Inc., alleging its negligence under the Louisiana Product Liability Act, La. R.S. 9:2800.52, in providing inadequate warnings and training regarding its product to the Jefferson Parish Sheriff's Office and the deputies that shocked her husband with the TASER gun and later shot him.[2]  TASER International, Inc. asks the Court for summary judgment.  TASER International urges that the plaintiffs have not

---

with attached metal wires that connect to the gun.  The range is up to thirty feet.  The projectiles attach to the target's clothing and use an arc of electricity to disrupt nerve and muscle function briefly without piercing the skin of the target.  The brief incapacitation of the target theoretically allows officers to restrain the target without using lethal force.

[2]   The plaintiff also named The Parish of Jefferson, Sheriff Harry Lee, Deputy Aaron Verrette, Deputy Chris Gorman, Officer Scott Callahan, and Officer Don Grossnickle as defendants, alleging negligence, wrongful death, and deprivation of civil rights.  The claims against The Parish of Jefferson, Callahan, and Gorman have been terminated.

asserted any material facts that suggest TASER's product caused or contributed to Maurice Gosserand's death, and therefore, the plaintiffs have no claim under the LPLA.  TASER International has produced evidence, including the autopsy report, that states that Gosserand was, in fact, killed by three gunshot wounds.  The plaintiffs have not responded to or refuted this evidence.  The plaintiffs instead request that the Court delay its resolution of the summary judgment motion under Rule 56(f) of the Federal Rules of Civil Procedure, as they await responses from TASER International to interrogatories and requests for production of documents concerning TASER International's training policies and actions, which the plaintiffs believe will establish issues of material fact.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.

Summary judgment is appropriate because no genuine issue of material fact exists as to the liability of TASER International, Inc. for damage caused by its product.

The Louisiana Products Liability Act (LPLA) establishes the exclusive theories of liability for manufacturers for damage

caused by their products.  La. R.S. 9:2800.52; see also Ross v. Porthau Industries, 2005 WL 1907528, at *3 (W.D. La. August 10, 2005).  The LPLA defines "damage" as "all damage caused by a product, including survival and wrongful death damages." La. R.S. 9:2800.53.  To hold TASER International liable under Louisiana law, the plaintiffs bear the burden of proving that Deputy Gorman's TASER device caused Mr. Gosserand's death.

The autopsy report submitted by TASER International states that the cause of Maurice Gosserand's death was "[m]ultiple gunshot wounds to the chest, back, and leg."[3] The report mentions "other marks of injury" to include embedded TASER probes in Gosserand's abdomen and back; however, the report does not attribute these marks as a cause of or contribution to his death. The plaintiffs have not refuted nor responded to TASER International's evidence of the cause of Gosserand's death. Indeed, the plaintiffs do not offer any theories of causation for Gosserand's death.  They conjecture that if the deputy that shocked Gosserand had been better trained by TASER International, he would have not over-relied upon the TASER as a means of restraining

---

[3]  Rule 56(e) of the Federal Rules of Civil Procedure requires that evidence be accompanied by supporting affidavits. TASER International has submitted an unsworn copy of the coroner's report for Maurice Gosserand's death in support of its assertion that its product did not cause or contribute to his death. Because the plaintiffs have not objected to the authenticity of the report nor presented contradictory evidence, the Court will consider the unsworn report in its analysis.

Gosserand and instead would have used another method. The plaintiffs speculate that if the deputy had acted in this way, then Gosserand's life "might have been spared." Such naked speculation is unacceptable; it cannot shield the plaintiffs from Rule 56 precedent.

The plaintiffs fail to even remotely establish that TASER International's product damaged Gosserand, which is a material element for liability. Furthermore, the Court is unpersuaded that the discovery materials that the plaintiffs hopefully invoke will cause to surface material issues of fact. The plaintiffs await answers to interrogatories and requests for document production related to the quality and amount of training given to the law enforcement officers in this case by TASER International. Such evidence will not further illuminate the issue of causation, as the plaintiff does not contest the fact that Gosserand died from gunshot wounds. Therefore, the Court has no good reason to delay its resolution to this motion pursuant to Rule 56(f).

Accordingly, TASER International's motion for summary judgment is GRANTED. The plaintiff's claims against TASER International are hereby dismissed.

New Orleans, Louisiana, November 7, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE